IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHARLES V. JONES                                                                                          PLAINTIFF

vs.                                          CIVIL NO. 06-3052

MICHAEL J. ASTRUE[1], Commissioner,
  SOCIAL SECURITY ADMINISTRATION                                    DEFENDANT

**MEMORANDUM OPINION**

Charles Jones ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on May 22, 2003, alleging an onset date of September 12, 2001, due to back problems. (Tr. 42-44, 55, 168-173). An administrative hearing was held on November 18, 2004. (Tr. 184-210).

The ALJ issued a partially favorable decision on July 20, 2005, finding that plaintiff's back disorder and organic brain dysfunction were severe impairments that rendered plaintiff disabled as of October 20, 2003. (Tr. 17). However, between September 21, 2001, and October 20, 2003, he concluded that plaintiff retained the RFC to perform a full range of light work. (Tr. 18).

At the time of the administrative hearing, plaintiff was forty-four years old and possessed a general equivalency degree and was training as an emergency medical technician ("EMT"). (Tr. 11,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

61, 189-190). The record reveals that he had past relevant work ("PRW") experience as an EMT. (Tr. 78).

The Appeals Council declined to review this matter on July 5, 2006. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 10, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving him disability by establishing a physical or mental disability that has lasted at least one year

and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

After reviewing the medical evidence of record, the undersigned notes that plaintiff stopped working in 2001. (Tr. 55). He was diagnosed with mild, diffuse bilateral organic brain dysfunction on October 6, 2003. (Tr. 146-149). Dr. Vann Smith concluded that plaintiff's neurocognitive symptoms interfered with his capacity to carry out routine activities of daily living in a consistent

AO72A
(Rev. 8/82)

manner. (Tr. 148). Then, in 2005, intellectual functioning tests indicated that plaintiff was also suffering from mild mental retardation, severe depression, and mild anxiety. (Tr. 159-165). At this time, Dr. Robert Hudson rated plaintiff as having poor/no abilities in all areas except maintaining attention and concentration, which he rated as fair to poor. (Tr. 166-167).

Based on this evidence, the ALJ concluded that plaintiff became disabled on October 20, 2003, the date of Dr. Vann Smith's report diagnosing plaintiff with organic brain dysfunction. The ALJ did not, however, consider whether plaintiff's low I. Q. and brain dysfunction were impairments that existed prior to October 20, 2003. He dismissed this possibility due to the lack of mental health treatment records prior to October 2003. We note, however, that mental retardation is not normally a condition that changes with age, thus, in the absence of any evidence of a change in a claimant's intellectual functioning, a person's IQ is presumed to remain stable over time. *See, e.g., Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001); *Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir.1985) (absent contrary evidence, an IQ test taken after the insured period correctly reflects claimant's IQ during the insured period); *Guzman v. Bowen*, 801 F.2d 273, 275 (7th Cir.1986) (claimant had low IQ during onset of disability in 1979 rather than just when first IQ tested in 1982); *Luckey v. Department of Health & Human Servs.,* 890 F.2d 666, 668-69 (4th Cir.1989) (ALJ may assume claimant's IQ remained relatively constant in absence of evidence showing a change in claimant's intelligence functioning). *See also Sird v. Chater*, 105 F.3d 401, 402 n. 4 (8th Cir.1997).

We also note Dr. Hudson's statement that plaintiff's ability to pass the GED and possibly work as an EMT did not necessarily contradict a diagnosis of mild mental retardation. (Tr. 164). As this clearly raises an issue concerning the onset date of plaintiff's disability and the extent of his

limitations, we believe that remand is necessary to allow the ALJ to further develop the record in this regard.

Accordingly, we do not find substantial evidence to support the ALJ's determination that plaintiff became disabled on October 20, 2003. On remand, the ALJ is directed to clarify the record with regard to Dr. Hudson's statements and to obtain a medical opinion as to exactly when plaintiff's brain dysfunction and low I. Q. began to interfere with his ability to perform work-related activities.

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). .

ENTERED this 25th day of October 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE